IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL LARENZO DOUGLAS                                          PETITIONER

v.                              Case No. 1:13-cv-1086-SOH

RAY HOBBS, Director,                                            RESPONDENT
Arkansas Department of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, MICHAEL LARENZO DOUGLAS (hereinafter "Petitioner"), an inmate confined

in the Arkansas Department of Corrections, Ouachita River Unit, Malvern, Arkansas, filed this

Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The Petition was

referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The Respondent, Director, filed his response on December 9, 2013.  For the reasons set forth below,

the Petition should be dismissed.

**A.  Procedural Background[1]:**

Petitioner files the matter seeking relief from three state court convictions.  Petitioner was

convicted by a jury of rape in 1984, in the Circuit Court of Drew County, Arkansas.  ECF No. 9-2.

He was fifteen years old at the time of the offence.  His second conviction, by plea of guilty, was for

escape, kidnapping and theft occurred in 1985 in the Circuit Court of Drew County, Arkansas.  ECF

No. 9-3.  The third conviction at issue was for theft by receiving in 2007 and occurred in Drew

County, Arkansas.  ECF No. 9-10.  He has also sought post-conviction relief on several occasions.

The procedural history of each of these proceedings is set out below.

---

[1] The procedural background is taken from the Petition, Response to Petition, this Court's
Docket and the written opinions of various prior proceedings.

1.  **1984 Conviction**: On July 27, 1984, in Ashley County, Arkansas, Petitioner was convicted by a jury of rape. ECF No. 9-2. He was sentenced to 40 years imprisonment. The trial court filed the Judgment and Commitment order in the Circuit Clerk's office of Drew County, Arkansas. The Petitioner was fifteen years old at the time of this conviction. He appealed his conviction to the Arkansas Supreme Court, raising three points of error. *See Douglas v. State*, 286 Ark. 296 (Ark. 1985). First, he claimed he had not knowingly and voluntarily waived his right to counsel at this first appearance, and the statement he made during that first appearance should not have been introduced to the jury. The Arkansas Supreme Court disagreed and affirmed the trial court's admission of the statement. *See id.* at 299.

Second, he claimed the trial court improperly admitted rape kit evidence. *See id.* at 302. Again, the Arkansas Supreme Court disagreed and affirmed the trial court's admission of this evidence. *See id.* at 303.

Petitioner's third point on direct appeal of the 1984 conviction was that the trial court lacked jurisdiction to try the case in Ashley County, Arkansas. *See id.* at 303. The criminal charge in the case were originally filed in Drew County, Arkansas. However, the trial court granted a motion to change venue and the case was actually tried in Ashley County. *See id.* at 303. The jury in Ashley County found Petitioner guilty. The trial judge pronounced sentence from the bench following the jury verdict but the actual written Judgment and Commitment order was filed in Drew County rather than Ashley County. Petitioner argued on appeal the Drew Circuit Court lacked jurisdiction to sentence him based on an Ashley County jury verdict. *See id.* at 304. The Arkansas Supreme Court disagreed holding:

The appellant has failed to show in what manner he was prejudiced by the filing of

> the judgment and commitment in Drew County. The sentence imposed by the jury and pronounced by the judge was the same as the sentence contained in the filed order. We do not reverse for nonprejudicial error. *Berna v. State*, 282 Ark. 563, 670 S.W.2d 434, 435 (1984).

*Douglas v. State*, 286 Ark. 296, 304 (1985).  The supreme court ordered the trial court to file the Judgment and Commitment order in Ashley County, where the trial was held.  *See id.*

In 1994, Petitioner filed, in the county in which he was incarcerated, a *pro se* petition for writ of *habeas corpus* seeking release from prison.  *See Douglas v. State*, CR 96-385, 1996 WL 391604 *1 (Ark. July 8, 1996).  He claimed the trial court erred by not holding a hearing to transfer his rape case to juvenile court, as he was fifteen years old at the time of the trial.  The trial court denied the petition.  The Arkansas Supreme Court on review dismissed the appeal holding the claim raised did not support issuance of a writ.

> While it is possible that the failure of the trial court to hold a hearing on a motion to transfer the case to juvenile court may have constituted trial error, it did not deprive the trial court of jurisdiction over the person or subject matter in appellant's case or render the commitment invalid on its face. The trial court had personal jurisdiction over the appellant and jurisdiction over the subject matter and had authority to render the judgment.

*Douglas v. State*, CR 96-385, 1996 WL 391604 (Ark. July 8, 1996).

On November 20, 2012, Petitioner filed a *pro se* petition for *habeas corpus* relief in the Circuit Court of Hot Springs, Arkansas.  ECF No. 9-16.  In this petition, he sought relief from the 1984 rape conviction.  He again claimed the Judgment and Commitment for rape in 1984 was invalid as it had not been filed in Ashley County, where his trial was actually held.   He claims the Circuit Court never followed the order of the Arkansas Supreme Court by filing the Judgment and Commitment in Ashley County and therefore the conviction was invalid.  He also claimed the "invalid conviction" was used to charge him as a habitual offender in the 2007 case.   The Hot

-3-

Springs County Circuit Court denied this petition on April 18, 2013.   ECF No. 9-18.

    **2. 1985 Conviction**: On May 22, 1985, Petitioner pled guilty to escape, kidnaping and theft of property in Drew County, Arkansas.   ECF No. 9-3.   He was sentenced to concurrent terms of imprisonment of ten years for escape, twenty years for kidnaping, and 20 years for theft.   He did not appeal these sentences.   He also did not seek state post-conviction relief.

    In 1993, Petitioner filed a petition under § 2254 in the United States District Court for the Eastern District of Arkansas.   *See Douglas v. Endell*, Cause No. PB-C-93-212 (ED Ark. 1993).   In this petition, he attacked the 1985 conviction and sentence from Drew County.   ECF No. 9-5.   He claimed his guilty plea was unlawful and involuntary, the state failed to disclose exculpatory evidence prior to his conviction, and that he was denied effective assistance of counsel.   The United States District Court in the Eastern District of Arkansas, dismissed this petition because of Petitioner's failure to raise these claims in the state courts prior to seeking federal relief.   ECF No. 9-7,

    Thereafter, in 1994, Petitioner filed a state petition for *habeas corpus* relief.   He again claimed the trial court lacked jurisdiction because it failed to hold a hearing to determine whether his case should be transferred to juvenile court.   The trial court denied the petition. On appeal, the Arkansas Supreme Court again ruled there was no error and dismissed the appeal, just as it had done with the same claim on review of the 1994 conviction.

> The failure of the trial court to hold a hearing on a motion to transfer the case to juvenile court may have constituted trial error, but it did not deprive the trial court of jurisdiction over the person or subject matter in appellant's case or render the commitment invalid on its face. The trial court had personal jurisdiction over the appellant and jurisdiction over the subject matter and had authority to render the judgment. As a result, the court did not err when it declined to issue a writ of habeas corpus. *See Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989); *see also Richie v.*

*State*, 298 Ark. 358, 767 S.W.2d 522 (1989).

*Douglas v. State*, 94-1174, 1995 WL 30578 (Ark. Jan. 23, 1995).

**3. 2007 Conviction**: On March 19, 2007, Petitioner was convicted, by entering a plea of guilty, and sentenced as a habitual offender as follows:  theft by receiving (30 year sentence), possession of drug paraphernalia (30 year sentence), maintaining a drug premises (15 year sentence), possession of cocaine with intent to deliver (40 year sentence), failure to register or comply with reporting (30 year sentence), failure to appear (30 year sentence) and delivery of cocaine (40 year sentence) in the Circuit Court of Drew County, Arkansas.  ECF No. 9-10.  All of the sentences were ordered run concurrently to each other.  At the time of the conviction, he was also on parole from the two prior convictions.  He did not appeal these convictions.

On June 19, 2007, Petitioner filed an unverified petition for post-conviction relief under Arkansas Rule of Criminal Procedure Rule 37.  ECF No. 9-11.  In this petition, he alleged two claims of ineffective assistance of counsel.  On August 9, 2007, the trial court denied this petition.  ECF No. 9-12 (this exhibit appears to be one page of a multi-page Order, but clearly indicates the trial court denied the petition).  Petitioner did not file a notice of appeal within the time required by Arkansas law.  On May 8, 2009, Petitioner filed a motion for belated appeal with the Arkansas Supreme Court.  The Arkansas Court noted that under Rule 2(e) of the Arkansas Rules of Appellate Procedure–Criminal, "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief[.]" *See Douglas v. State*, 2009 Ark. 468 (Ark. 2009).  This meant Petitioner had until February 9, 2009, in which to seek a belated appeal.  Petitioner did not meet that deadline.  Accordingly, the Arkansas Supreme Court dismissed the

-5-

motion for belated appeal as untimely.

On December 8, 2009, Petitioner filed a § 2254 petition, in the United States Court for the Eastern District of Arkansas, attacking the 2007 Drew County convictions. *See Douglas v. Hobbs*, 2010 WL 2079747 (Ark. May 6, 2010). The Respondent asserted the claims were time- barred and procedurally defaulted. After reviewing the record and "giving Petitioner every possible benefit regarding tolling," United States Magistrate Judge Beth Deere found the petition was untimely. *See id* at *3. This decision was approved and adopted by the Court on May 21, 2010. *See Douglas v. Hobbs*, 2010 WL 2079744 (Ark. May 21, 2010).

In 2011 Petitioner filed a petition for *habeas corpus* relief in the county where he was incarcerated. *See Douglas v. State*, 2013 Ark. 337 (Ark. 2013). The trial court dismissed the petition and Petitioner appealed to the Arkansas Supreme Court. *See Id.* at *2. Petitioner claimed his sentence was improperly enhanced as a habitual offender based on the 1984 and 1985 convictions. In this regard, he raised the same issues previously raised in other proceedings attacking the 1984 conviction. Namely he was improperly tried as an adult, the trial court erred in granting a change of venue, and he was denied effective assistance of counsel. The Arkansas Supreme Court affirmed the denial of relief. *See Id.* at *5.

**4. Request to File Successive § 2254 Petition**: On December 11, 2012, Petitioner filed request with the United States Court of Appeal for the Eighth Circuit seeking permission to file a successive or second § 2254 petition to challenge each of his three state court convictions, from 1984, 1985 and 2007. ECF No. 9-19. The basis of his request was the alleged "invalidity" of the 1984 conviction and the effect it had on sentencing in the subsequent convictions in 1985 and 2007. On April 22, 2013, the Eighth Circuit ruled Petitioner could not attack the 2007 conviction as he had

previously done so in a federal *habeas* proceeding, and had not demonstrated grounds warranting

authorizing a second petition.  In regards the 1984 and 1985 convictions, the Court held:

> [Petitioner] does not need authorization because he has not previously sought federal
> habeas relief from those [1984 and 1985] convictions.  Nothing in this order shall be
> construed as determining whether or not any section 2254 petition hereafter filed by
> petitioner as to the 1984 or the 9185 convictions is timely or otherwise has merit.

 ECF No. 9-21.

**B. Instant Petition**:

Petitioner filed the instant Petition on November 5, 2013.  In this Petition, he challenges the

1984 and the 1985 convictions.  He does not challenge the 2007 conviction.  He claims his 1984

conviction should be set aside for the following reasons:

- he was tried as an adult rather than a juvenile

- he was tried in Ashley County rather than Drew County where the criminal charges
originated

-following his conviction the trial court never followed the directive of the Arkansas
Supreme Court by filing his Judgment and Commitment order in Ashley County the
venue of the trial

-as a result of the foregoing the 1984 conviction is void

- ineffective assistance of counsel

He claims the 1985 conviction should be set aside for the following reasons:

-the trial court lacked subject matter jurisdiction as Petitioner was a juvenile

-ineffective assistance of counsel

The Respondent asserts the instant Petition is untimely.  Further, Respondent asserts the

claims regarding the 1985 conviction should be dismissed as successive pursuant to 28 U.S.C.

2244(b)(3)(A).  However, the Eighth Circuit has specifically authorized Petitioner to file a petition

challenging both the 1984 and 1985 convictions. Had Respondent desired to contest, as successive, a challenge to either of these two convictions, he should have done so at the time Petitioner requested permission to file successive petitions from the Eighth Circuit. Further, as discussed below, the instant Petition is untimely as to both the 1984 and 1985 convictions and should be dismissed on that ground.

**C. Discussion**:

    **1. Statute of Limitations**: On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

    Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The United States Court of Appeals

for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. §2244(d)(1)(A).   The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999)[2] quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).   The United States Supreme Court has recently addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S._____, 132 S.Ct. 641, 653-54 (2012).   In other words, where a state prisoner appeals to the highest court of a state but does not seek a writ of *certiorari* to the United

---

[2]The holding in  *Nichols* was abrogated in part by *Riddle v. Kemna*, 523 F.3d 850 (8th 2008). This partial abrogation does not change the effect of *Nichols* in the circumstances of this case however.

States Supreme Court his conviction becomes final when the time seeking a writ of *certiorari* expires.

Petitioner's first conviction was in 1984. He appealed his conviction and the conviction was affirmed by the Arkansas Supreme Court on June 24, 1985. He did not file a petition for a writ of *certiorari* in the United States Supreme Court. The date on which the judgment became final within the meaning of § 2244(d)(1)(A) is determined by the conclusion of his direct criminal appeal in the state system followed by the expiration of the time allotted for filing a petition for the writ of *certiorari*. *See Nichols,* 172 F.3d at 1072. Thus, Petitioner's 1984 state court conviction became final under § 2244(d)(1)(A) upon the expiration of his time to file a petition for a writ of *certiorari,* or September 24, 1985. However, " [f]or a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996." *Wood v. Milyard*, ___ U.S. ___, 132 S. Ct. 1826, 1831 (2012). Thus, the deadline for Petitioner filing a petition pursuant to § 2254 attacking the 1984 conviction was April 24, 1997. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th 1999).

Similarly, and  in addition to being barred as a successive petition, the Petitioner's claims regarding the 1985 conviction is time-barred.  He was convicted on May 22, 1985.  He did not appeal.  His conviction therefore became final on June 21, 1985, thirty days after his conviction. *See* ARK.R.APP.P.–CRIM. 2(a); *Gonzales v Thaler*, ___ U.S.____, 132 S.Ct. 641, 653-54 (2012).   He did file a state petition for *habeas corpus* relief in 1994 and it was denied on January 23, 1995. *See Douglas v. State*, 94-1174, 1995 WL 30578 (Ark. Jan. 23, 1995).  Accordingly, the AEDPA's one-year statute of limitations for the 1985 conviction expired on April 24, 1997. *See Ford*, 178 F.3d at 523.

-10-

Petitioner filed the pending Section 2254 Petition, attacking both the 1984 and 1985 convictions on November 5, 2013, more than 16 years after the statute of limitations had expired. Accordingly, the Petition is time-barred unless some tolling provision applies.

**2. Tolling of Statute of Limitations:** Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Here it is clear from the record before the Court, Petitioner sought no post-conviction relief in state court between April 24, 1996 and to April 24, 1997. Accordingly, there was no statutory tolling of the statute of limitations.

The United States Supreme Court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'"

-11-

*Riddle v. Kemna,* 523 F.3d 850, 857  (8th Cir. 2008)(citations omitted).

Here, while Petitioner does not expressly claim equitable tolling, he does assert he did not find out about the alleged "invalidity" of the 1984 conviction until January 22, 2009 when he received the contents of his original criminal state court file from the Circuit Clerk of Drew County. However, this was clearly not the first time Petitioner believed his 1984 conviction was somehow invalid.  He first made that claim at least as early as 1984 when he claimed on direct appeal, the trial court did not have jurisdiction because he was juvenile. If his sole claim of an invalid 1984 conviction is the fact the trial court filed the Judgment and Commitment order in the wrong county, he knew about this as early as 1985, when the Arkansas Supreme Court affirmed his conviction and directed the trial court to file the order in Ashley County rather than Drew County.  Finally, even assuming Petitioner first became aware of the "invalidity" of the 1984 conviction in January 2009 as he states in the current Petition, he still waited almost 5 years to file the instant petition and offers no reason for the delay.  There were no extraordinary circumstances beyond his control which made it impossible to file a petition on time.  Equitable tolling is not applicable in this case.

**D.  <u>Conclusion</u>**:

The Instant Petition seeking to challenge the 1984 and 1985 convictions is time barred.  The Petition in this matter should be dismissed.

**E.  <u>Recommendation</u>**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as and dismissed with prejudice.[3]

---

[3]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726*

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **2nd day of May 2014.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

*F.2d 1316, 1318-19 (8th Cir.1984).*