IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL LARENZO DOUGLAS                                              PETITIONER

v.                          Case No. 1:13-cv-1086-SOH

RAY HOBBS, Director,                                                 RESPONDENT
Arkansas Department of Correction

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**BEFORE** the Court are the Motion to Amend (ECF No. 14) and Motion for Certificate of Appealability (ECF No. 17). Both of these motions were referred to the undersigned for decision by United States District Judge Susan O. Hickey pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.

1.   Motion to Amend: Petitioner filed his Motion to Amend after the Report and Recommendation (ECF No. 12), recommending denial of his Petition in this matter, was filed. To the extent he intends another attack on the underlying convictions, any such attack would be time barred.

In this Motion to Amend, he asserts he was denied clemency by Arkansas Governor Mike Beebe on July 30, 2014. He appears to seek permission to add this denial of clemency to his *habeas corpus* claims. He asserts such denial is a violation of 18 U.S.C. § 1001. Section 1001 is a criminal false statement statute for matters occurring within the jurisdiction of the United States. He further asserts the clemency denial is violation of Arkansas law. While related to his original claims, both of these claims appear to be entirely new, and based on his clemency request being denied in 2014 by the Governor of Arkansas.

Without ruling on whether these claims may warrant relief under 28 U.S.C. § 2254, or otherwise, the requested Amendment should be denied in this proceeding, as these new claims based on clemency are not related to the claims in the original petition. Further, the original petition in this matter was denied the day he filed the request to amend. Petitioner, of course, may request permission to pursue a new § 2254 claim based on the alleged improper denial of clemency. Any such claim would be successive and would require permission from the United States Court of Appeals for the Eighth Circuit. Accordingly, the Motion to Amend (ECF No. 14) should be denied.

2. <u>Motion for Certificate of Appealability</u>:  A habeas petitioner may not appeal a final order in a proceeding under 28 U.S.C. § 2254 without first securing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A district court should not grant a certificate of appealability unless the movant "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2) This standard requires a demonstration that "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude that issues presented are adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 327 (2003). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Miller-el*, 537 U.S. at 338. Any Certificate of Appealability issued by the Court must state "which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3).

In this case it is clear Petitioner's claims are time barred as set out in the Report and Recommendation. ECF No. 12. He has not made a substantial showing of violation of a constitutional right. Accordingly his Motion for Certificate of Appealability (ECF No. 17) should be denied.

3. <u>Conclusion</u>:  For the foregoing reasons, the undersigned recommends as follows:

The Court should **DENY** the Motion to Amend (ECF No. 14).

The Court should **DENY** the Motion for Certificate of Appealability (ECF No. 17) .

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **27th day of January 2015.**

    /s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE